IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| RUBY HESTER and STEWART MURIE, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiffs,<br>V<br><br>PLUS COMMUNICATIONS INC. d/b/a CHARISMA MEDIA,<br><br>　　　　　Defendant. | Case No. 1:21-cv-671<br><br>HON. HALA Y. JARBOU<br><br>**<u>CLASS ACTION</u>** |

# **<u>Brief in Support of Defendant's Motion to Dismiss</u>**

## Table of Contents

Page

Index of Authorities .................................................................................................. ii

Introduction ............................................................................................................... 1

Statement of Facts ..................................................................................................... 2

     A.    The VRPA was enacted in order to codify a claim for
          invasion of privacy ..................................................................................... 2

     B.    Plaintiffs file a putative class action complaint under a
          version of the VRPA that no longer exists. ............................................ 3

Argument ................................................................................................................... 4

I.    Plaintiffs' claims are time-barred. .................................................................... 4

     A.    The three-year limitations period in MCL § 600.5805(2)
          governs all actions for injury to a person, including
          invasion of privacy claims. ....................................................................... 4

     B.    A claim under the VRPA is a claim seeking damages "for
          an injury to a person." ............................................................................... 5

     C.    The plaintiffs' VRPA claim seeks to redress an "injury to a
          person" regardless of whether it proceeds under a statute. ................. 10

II.    If the plaintiffs are asserting a purely statutory claim rather
    than a claim for personal injury, then the plaintiffs lack Article
    III standing ........................................................................................................ 13

Conclusion ............................................................................................................... 15

Certificate of Compliance ...................................................................................... 16

Page

**Cases**

1988 Mich. Pub. Act. 378 .................................................................................................. 2

*Arent v. Hatch,*
    349 N.W.2d 536 (Mich. Ct. App. 1984) ..................................................... 5

*Boelter v. Advance Mag. Publishers Inc.,*
    210 F. Supp. 3d 579 (S.D.N.Y. 2016) ................................................ 9, 12

*Boelter v. Hearst Communications, Inc.,*
    269 F. Supp. 3d 172 (S.D.N.Y. 2017) ....................................................... 10

*Consol. Rail Corp. v. Yashinsky,*
    170 F.3d 591 (6th Cir. 1999) .................................................................... 4

*Cooper v. Team Wellness (Mental Health) Services Supervisor,* 18-1162,
    2018 WL 7360647 (6th Cir. Oct. 11, 2018) ............................................. 5

*Coulter-Owens v. Time Inc.,*
    695 F. App'x 117 (6th Cir. 2017) ............................................................. 9

*Derderian v. Genesys Health Care Sys.,*
    689 N.W.2d 145 (Mich. Ct. App. 2004) ................................................... 5

*DiPonio Const. Co., Inc. v. Rosati Masonry Co., Inc.,*
    631 N.W.2d 59 (Mich. Ct. App. 2001) ............................................... 10, 11

*Edwards v. Hearst Communications, Inc.,*
    No. 15-cv-9279, 2016 WL 6651563  (S.D.N.Y. Nov. 9, 2016) ................. 10

*Eichenberger v. ESPN, Inc.,*
    876 F.3d 979 (9th Cir. 2017) .................................................................... 8

*Garden City Osteopathic Hosp. v. Hbe Corp.,*
    55 F.3d 1126 (6th Cir. 1995) .................................................................... 6

*Garg v. Macomb Cty. Cmty. Mental Health Servs.,*
    696 N.W.2d 646 (Mich. 2005) ................................................................ 12

*Green v. Lansing Automakers Fed. Credit Union,*
    No. 342373, 2019 WL 3812108 (Mich. Ct. App. Aug. 13, 2019) ......... 5, 11

*Halaburda v. Bauer Pub. Co., LP,*
    No. 12-CV-12831, 2013 WL 4012827 (E.D. Mich. Aug. 6, 2013) .......... 7, 9

*Herrin v. Dunham*,
481 F. Supp. 2d 854 (E.D. Mich. 2007) ........................................................................ 4

*Huhtala v. Travelers Ins. Co.*,
257 N.W.2d 640 (Mich. 1977) ..................................................................................... 6

*In re Vizio, Inc. Consumer Privacy Litig.*,
238 F. Supp. 3d 1204 (C.D. Cal. 2017) ...................................................................... 8

*Lin v. Crain Comm'ns, Inc.*,
No. 19-11889, 2020 WL 248445  (E.D. Mich. Jan. 16, 2020) ........................... 2, 7, 9

*Local 1064, RWDSU AFL-CIO v. Ernst & Young*,
535 N.W.2d 187 (Mich. 1995) ................................................................................. 4, 6

*Magee v. Daimler Chrysler Corp.*,
693 N.W.2d 166 (Mich. 2005) ................................................................................... 12

*Markham et al. v. National Geographic Partners, LLC*,
No. 1:19-cv-00232, U.S. District Court for the Western District of
Michigan .................................................................................................................... 12

*Marks v. Hulstrom*,
No. 294453, 2010 WL 2134303 (Mich. Ct. App. May 27, 2010) ............................. 12

*McCree v. Cont'l Mgmt., LLC*,
No. 351171, 2021 WL 1050115 (Mich. Ct. App. Mar. 18, 2021) ............................ 12

*Mcintyre v. Ogemaw County Bd. of Commissioners*,
15-CV-12214, 2016 WL 4917537 (E.D. Mich. Sept. 15, 2016) ................................. 5

*Miller-Davis Co. v. Ahrens Const., Inc.*,
802 N.W.2d 33 (2011) ................................................................................................. 6

*Moeller v. Am. Media, Inc.*,
235 F. Supp. 3d 868 (E.D. Mich. 2017) ...................................................................... 9

*National Sand, Inc. v. Nagel Construction, Inc.*,
451 N.W.2d 618 (Mich. Ct. App. 1990) ...................................................... 5, 7, 10, 11

*Perlin v. Time Inc.*,
237 F. Supp. 3d 623 (E.D. Mich. 2017) ...................................................................... 9

*Perry v. Cable News Network, Inc.,*
    854 F.3d 1336 (11th Cir. 2017) ........................................................ 8

*Pratt v. Outdoor Sportsman Group, Inc.,*
    No. 1:21-cv-11404-TLL-PTM ........................................................ 1

*Rentola v. Dow Jones & Co., Inc.,*
    No. 4:20-cv-11589-SDD-EAS ........................................................ 12

*TransUnion LLC v. Ramirez,*
    141 S. Ct. 2190 (2021) .......................................................... 1, 13, 14, 15

*United States Dep't of Justice v. Reporters Comm. for Freedom of the
    Press,*
    489 U.S. 749 (1989) ........................................................ 7

*Ward v. Nat'l Patient Acct. Servs. Sols., Inc.,*
    9 F.4th 357 (6th Cir. 2021) ........................................................ 7

*Yershov v. Gannet Satellite Info. Network, Inc.,*
    204 F. Supp. 3d 353 (D. Mass. 2016) ........................................................ 8

**Statutes**

42 U.S.C. § 1983 ........................................................ 4

MCL §§ 445.1711, *et. seq.* ........................................................ 1

MCL § 445.1712 (1989) ........................................................ 2

MCL § 445.1715(2)(a) ........................................................ 2, 3

MCL § 570.151 ........................................................ 11

MCL § 600.2940(1) ........................................................ 12

MCL § 600.5805(2) ........................................................ 1, 4, 5, 6, 9, 10, 11, 12, 13, 15

MCL § 600.5813 ........................................................ 5, 6, 11, 12

18 U.S.C. § 2710 ........................................................ 8

**Other Authorities**

1988 Mich. Pub. Act No. 378 ........................................................................................ 2, 7

1989 Mich. Pub. Act. No. 206 ........................................................................................ 2

2016 Mich. Pub. Act No. 92 ........................................................................................ 3

House Legislative Analysis Section, H.B. No. 4694, May 11, 1989 ............................ 3

*Privacy: Sales, Rentals of Videos, etc.*, House Legislative Analysis
Section, H.B. No. 5331, Jan. 20, 1989 .................................................................. 2, 3

Senate Fiscal Agency, Bill Analysis, H.B. No. 4694, Nov. 10, 1989 ....................... 3, 8

## Introduction

Under Michigan law, all actions "for injury to a person" are governed by the three-year statute of limitations in MCL § 600.5805(2). In this case, the plaintiffs assert a traditional personal injury—namely, a purported invasion of privacy—based on the alleged disclosure of their "Private Reading Information" by the defendant, Plus Communications. According to the plaintiffs, the alleged invasion of their privacy amounts to a violation of the pre-July 30, 2016 version of Michigan's Video Rental Privacy Act ("VRPA"), MCL §§ 445.1711, *et. seq.*

Because the plaintiffs assert a claim for personal injury under a statute that codifies the common law tort for invasion of privacy, it is governed by the three-year statute of limitations in MCL § 600.5805(2). Any claim under the pre-July 30, 2016 version of the VRPA expired on July 30, 2019. The plaintiffs' complaint—which was not filed until August 5, 2021—is barred by the statute of limitations.

To the extent that the plaintiffs contend that their VRPA claim is not a claim "for injury to a person," then the plaintiffs lack Article III standing because they have not alleged any concrete harm, as explained in the Supreme Court's recent decision in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). Either way, the complaint should be dismissed.[1]

---

[1] Counsel for the plaintiffs have filed numerous virtually identical putative class actions under the VRPA against various publishers in the Eastern and Western Districts of Michigan, many of which are likely to present similar issues for adjudication. For example, the defendant in *Pratt v. Outdoor Sportsman Group, Inc.*, No. 1:21-cv-11404-TLL-PTM PageID.566 (RE 17), filed a motion to dismiss raising the same arguments that are asserted here.

**<u>Statement of Facts</u>**

**A.    The VRPA was enacted in order to codify a claim for invasion of privacy.**

Michigan enacted the VRPA to address concerns related to an "unwarranted invasion of privacy." *Lin v. Crain Comm'ns, Inc.*, No. 19-11889, 2020 WL 248445, at *2 (E.D. Mich. Jan. 16, 2020) (quoting *Privacy: Sales, Rentals of Videos, etc.*, House Legislative Analysis Section, H.B. No. 5331, Jan. 20, 1989 (attached to Complaint as Ex. B, RE 1-3, PageID.32)); *see also* 1988 Mich. Pub. Act No. 378 (VRPA is "[a]n act to *preserve personal privacy* with respect to the purchase, rental, or borrowing of certain materials; and to provide penalties and remedies for violation of this act" (emphasis supplied)).

To achieve these ends, the VRPA codifies the common law tort of invasion of privacy in the context of the disclosure of video rental and reading materials. The 1989 version of the statute (under which the plaintiffs assert their claim) provides that, subject to certain exceptions, any person

> engaged in the business of selling at retail, renting, or lending books or other written materials, sound recordings, or video recordings shall not disclose to any person, other than the customer, a record or information concerning the purchase, lease, rental, or borrowing of those materials by a customer that indicates the identity of the customer.

MCL § 445.1712 (1989).

As originally enacted, the VRPA did not authorize civil penalties for its violation. *See* 1988 Mich. Pub. Act. 378. In 1989, however, the Michigan legislature amended the VRPA to permit recovery of "[a]ctual damages … or $5,000.00, whichever is greater." 1989 Mich. Pub. Act. No. 206 (codified at MCL § 445.1715(2)(a)

until amended by 2016 Mich. Pub. Act No. 92). The provision allowing a civil, monetary recovery was added so that "those harmed by illegal disclosures could obtain some recompense"[2] and provided "the right to collect damages for harm done when details on a person's rentals or purchases are disclosed."[3]

Effective July 31, 2016, the Michigan Legislature amended the VRPA again. This time, the Legislature eliminated the statutory $5,000 penalty and clarified that plaintiffs must prove "actual damages" to recover under the Act. *See* 2016 Mich. Pub. Act No. 92 (codified at MCL §§ 445.1715(2)(a)-(b)).

### B. Plaintiffs file a putative class action complaint under a version of the VRPA that no longer exists.

On August 5, 2021, the plaintiffs filed a putative class action complaint against Plus Communications, alleging a single claim under the VRPA. (Complaint, RE 1, PageID.22-25). Presumably because they cannot demonstrate any actual damages, the plaintiffs' complaint does not assert a claim under the currently existing version of the VRPA; instead, it asserts a claim under the 1989 version of the VRPA, which ceased to exist as of July 31, 2016. (Complaint ¶ 1 & n.2, RE 1, PageID.2). The plaintiffs allege that Plus Communications violated the plaintiffs' "right to privacy in their reading habits" by allegedly disclosing the plaintiffs' private reading

---

[2] *Privacy: Sales, Rentals of Videos, etc.*, House Legislative Analysis Section, H.B. No. 4694, May 11, 1989, available at http://www.legislature.mi.gov/documents/1989-1990/billanalysis/House/pdf/1989-HLA-4694-A.pdf (last accessed Dec. 6, 2021).

[3] *Privacy: Sales, Rentals of Videos, etc.*, Senate Fiscal Agency, Bill Analysis, H.B. No. 4694, Nov. 10, 1989, available at http://www.legislature.mi.gov/documents/1989-1990/billanalysis/Senate/pdf/1989-SFA-4694-A.pdf (last accessed Dec. 6, 2021).

information "during the relevant pre-July 30, 2016 time period." (Complaint, RE 1, PageID.25).

**Argument**

The plaintiffs' claims are time-barred, because they were filed long after the 3-year statute of limitations expired on July 31, 2019.

**I.      Plaintiffs' claims are time-barred.**

**A.      The three-year limitations period in MCL § 600.5805(2) governs all actions for injury to a person, including invasion of privacy claims.**

When this Court sits in diversity, it applies Michigan's statutes of limitations. *Consol. Rail Corp. v. Yashinsky*, 170 F.3d 591, 594 (6th Cir. 1999). MCL § 600.5805 provides that "[a] person *shall not bring* or maintain an action to recover damages *for injuries to persons* or property unless … the action is commenced within the periods of time prescribed by this section." MCL § 600.5805(1) (emphasis added). MCL § 600.5805(2) then provides that "[e]xcept as otherwise provided in this section, the period of limitations is 3 years after the time of the death or injury *for all actions* to recover damages for the death of a person or *for injury to a person* or property." *Id.* (emphasis supplied).

In Michigan, therefore, all claims for "injury to a person" must be brought within three years. *See Local 1064, RWDSU AFL-CIO v. Ernst & Young*, 535 N.W.2d 187, 189 (Mich. 1995); *Herrin v. Dunham*, 481 F. Supp. 2d 854, 857 (E.D. Mich. 2007) (applying the three-year statute of limitations to claims under 42 U.S.C. § 1983 and observing that, "[i]n Michigan, one statute of limitations applies to all personal injury claims.").

A claim for invasion of privacy is a claim alleging an "injury to a person" within the meaning of MCL § 600.5805(2). Michigan precedent "takes an expansive view of what constitutes 'injuries to persons,'" defining the term as "including 'invasions of rights that inhere in man as a rational being.'" *National Sand, Inc. v. Nagel Construction, Inc.*, 451 N.W.2d 618, 621–22 (Mich. Ct. App. 1990).

Consistent with this broad definition of "injury to a person," Michigan courts routinely apply § 600.5805(2)'s three-year statute of limitations in cases alleging invasion of privacy. *See Green v. Lansing Automakers Fed. Credit Union*, No. 342373, 2019 WL 3812108, at *5 (Mich. Ct. App. Aug. 13, 2019) (applying the three-year limitation period to invasion of privacy, unlawful intrusion claim); *Derderian v. Genesys Health Care Sys.*, 689 N.W.2d 145, 159-60 (Mich. Ct. App. 2004) (applying the three-year limitations period to false-light invasion of privacy claim); *Arent v. Hatch*, 349 N.W.2d 536, 539 (Mich. Ct. App. 1984) (applying the three-year limitations period to invasion of privacy claim). *See also Cooper v. Team Wellness (Mental Health) Services Supervisor*, 18-1162, 2018 WL 7360647, at *2 (6th Cir. Oct. 11, 2018) ("The statute of limitations for the invasion of privacy and fraud in Michigan is three years. Mich. Comp. Laws Ann. § 600.5805(2)"); *Mcintyre v. Ogemaw County Bd. of Commissioners*, 15-CV-12214, 2016 WL 4917537, at *3 (E.D. Mich. Sept. 15, 2016) (applying three-year statute of limitations to common law privacy claim).

**B.    A claim under the VRPA is a claim seeking damages "for an injury to a person."**

The plaintiffs' complaint asserts that their VRPA claim is governed by the catch-all statute of limitations in MCL § 600.5813. Section 600.5813 provides that

"[a]ll other personal actions shall be commenced within the period of 6 years after the claims accrue . . ." (Complaint ¶ 1 & n.1, RE 1, PageID.2). But "Section 5805 is a more specific statute of limitations than § 5813 and therefore controls if applicable to this action." *Local 1064*, 535 N.W.2d at 189-90. Section 600.5805(2) applies to "all actions" to recover damages "for injury to a person," and the plaintiffs' VRPA claim is an action for injury to a person. The catch-all provision in § 600.5813 does not apply.

Presumably, the plaintiffs' position is that a VRPA claim is not an action for "injury to a person." To determine which of two or more potential statutes of limitation applies, courts examine the "nature and origin" of the claim. *Garden City Osteopathic Hosp. v. Hbe Corp.,* 55 F.3d 1126, 1133 (6th Cir. 1995) (predicting Michigan law). As the Sixth Circuit explained, the crucial distinction between Michigan's various statutes of limitations is the type of injury that serves as the source of the claimed damages: "[W]hat differentiates [Michigan's statutes of limitations] is what the damages are sought 'for' . . ." *Id.*

If the asserted claim seeks damages "for an injury to person," then the claims are subject to the three-year limitations period in § 600.5805(2). As the Michigan Supreme Court explained, a claim is a "personal injury" claim for purposes of § 600.5805(2) if it is "founded on a 'nonconsensual' duty or one 'imposed by law'" rather than upon a "'consensual' duty or obligation or the breach of an 'express promise.'" *Miller-Davis Co. v. Ahrens Const., Inc.*, 802 N.W.2d 33, 39 (2011); *Huhtala v. Travelers Ins. Co.*, 257 N.W.2d 640, 644 (Mich. 1977) (the three-year statute of limitations in § 600.5805 applies "[w]here the nature and origin of an action to recover

damages for injury to persons or property is a duty imposed by law"). *See also National Sand*, 451 N.W.2d at 621–22 (explaining the "expansive view of what constitutes 'injuries to persons'" for purposes of § 600.5805).

A claim under the VRPA is a claim seeking damages "for injury to a person." The VRPA "was created by [the Michigan] legislature to protect individual consumers from certain disclosures of their personal information." *Halaburda v. Bauer Pub. Co., LP*, No. 12-CV-12831, 2013 WL 4012827, at *6 (E.D. Mich. Aug. 6, 2013). The invasion of privacy is a tort concept: "[B]oth the common law and the literal understandings of privacy encompass the individual's control of information concerning his or her person." *United States Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 763 (1989); *see also Ward v. Nat'l Patient Acct. Servs. Sols., Inc.*, 9 F.4th 357, 362 (6th Cir. 2021) ("Had Ward claimed, for example, that NPAS, Inc. improperly shared personal information with a third party, … then Ward's alleged harm would more closely resemble an invasion of privacy.").

The VRPA codifies the common law tort of invasion of privacy in the context of customers' video rental and reading materials. As noted previously, Michigan enacted the VRPA to address concerns related to an "unwarranted invasion of privacy" and added a civil damages provision in 1989 to provide damages for violations of the invasion of privacy. *Lin*, 2020 WL 248445, at *2; *see also* 1988 Mich. Pub. Act No. 378. A civil action under the 1989 version of the VRPA is an action for

injury to a person because it seeks to recover damages "for harm done" to the person from the disclosure of purportedly private information.[4]

In fact, the plaintiffs recognize that Michigan's VRPA has the same goals as the federal Video Privacy Protection Act, 18 U.S.C. § 2710. (Complaint, RE 1, PageID.10). And several courts have observed that the Video Privacy Protection Act—like Michigan's VRPA—codifies a common law right to privacy. *See, e.g.*, *Perry v. Cable News Network, Inc.*, 854 F.3d 1336, 1340-41 (11th Cir. 2017) ("[T]he VPPA's creation of a cause of action for this type of an invasion of privacy 'has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts.'"); *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 983 (9th Cir. 2017) (the federal VPPA "codifies a context-specific extension of the *substantive* right to privacy"); *In re Vizio, Inc. Consumer Privacy Litig.*, 238 F. Supp. 3d 1204, 1216 (C.D. Cal. 2017) ("Plaintiffs' VPPA claims are even more deeply rooted in the common law. Warren and Brandeis traced the development of the tort of invasion of privacy in part to cases involving the disclosure of information in breach of a confidential relationship."); *Yershov v. Gannet Satellite Info. Network, Inc.*, 204 F. Supp. 3d 353, 362 (D. Mass. 2016) ("[B]oth the common law and the literal understandings of privacy encompass the individual's control of information concerning his or her person.").

---

[4] *Privacy: Sales, Rentals of Videos, etc.*, Senate Fiscal Agency, Bill Analysis, H.B. No. 4694, Nov. 10, 1989, found at http://www.legislature.mi.gov/documents/1989-1990/billanalysis/Senate/pdf/1989-SFA-4694-A.pdf.

Like the federal Video Privacy Protection Act, Michigan's VRPA codifies a traditional, common law tort action for invasion of privacy. *See Perlin v. Time Inc.*, 237 F. Supp. 3d 623, 641 (E.D. Mich. 2017) ("[T]he right guaranteed by the VRPA is similar in kind to other privacy rights that were gradually recognized by American courts over the course of the last century …."); *Boelter v. Advance Mag. Publishers Inc.*, 210 F. Supp. 3d 579, 590 (S.D.N.Y. 2016) (explaining that "the harms contemplated by [the VRPA and its federal analogue] have close ties to those recognized by the common law tort of invasion of privacy"); *Moeller v. Am. Media, Inc.*, 235 F. Supp. 3d 868, 873 (E.D. Mich. 2017) ("'Subscribers' right to privacy in their personal-reading information is grounded in an interest 'traditionally regarded as providing a basis for a lawsuit in English or American courts.'") (citation omitted).

A claim for violation of the VRPA is therefore a claim for redress of a harm—invasion-of-privacy—that traditionally sounds in tort. *See, e.g., Coulter-Owens v. Time Inc.*, 695 F. App'x 117, 119 (6th Cir. 2017) (noting that plaintiff claimed "an invasion of privacy in violation of Michigan's Preservation of Personal Privacy Act"); *Moeller*, 235 F. Supp. 3d at 873 (stating that violations of the VRPA are "invasion[s] of plaintiffs' privacy"); *Lin*, 2020 WL 248445, at *2 (noting that the VRPA addressed "invasion[s] of a legally protected privacy interest"); *Halaburda*, 2013 WL 12246914, at *1 (stating that the VRPA granted Michigan citizens "a privacy right").

The plaintiffs' VRPA claim exclusively alleges violation-of-privacy harms. Those harms are "injuries to a person" within the meaning of MCL § 600.5805(2). The complaint asserts that the VRPA was enacted in order to "protect

[Michigan's] citizens' privacy rights" and that Plus Communications improperly "disclosed its customers' Private Reading Information" and thereby potentially revealed "intimate facts" about its customers' habits, beliefs, and preferences. (Complaint, RE 1, PageID.9, 19-20). Each of these allegations asserts that the plaintiffs have suffered privacy-based harms that are rooted in traditional tort concepts providing remedies for personal injuries. (*Id.*, PageID.8-10, 13, 16).

There is no allegation in this case that the plaintiffs suffered any form of harm other than harm that is an "injury to a person." Because the plaintiffs' claim under the VRPA is a claim for injury to a person, it is governed by the three-year statute of limitations in MCL § 600.5805(2).

### C. The plaintiffs' VRPA claim seeks to redress an "injury to a person" regardless of whether it proceeds under a statute.

Consistent with the plain language of the statute, other federal courts have applied § 600.5805(2)'s three-year limitations period to bar VRPA claims. *See Edwards v. Hearst Communications, Inc.*, No. 15-cv-9279, 2016 WL 6651563, at *1 (S.D.N.Y. Nov. 9, 2016) (noting that "a three-year statute of limitations admittedly governs [Plaintiff's VRPA] claims"); *Boelter v. Hearst Communications, Inc.*, 269 F. Supp. 3d 172, 187 (S.D.N.Y. 2017) (applying three-year statute of limitations to VRPA claims).

The plaintiffs may nevertheless assert that cases like *National Sand, Inc. v. Nagel Construction, Inc.*, 451 N.W.2d 618, 625 (Mich. Ct. App. 1990), and *DiPonio Const. Co., Inc. v. Rosati Masonry Co., Inc.*, 631 N.W.2d 59 (Mich. Ct. App. 2001), support the argument that their claim is subject to a six-year limitations period

under MCL § 600.5813. But both of those decisions recognized that § 5805 applies to actions for personal injuries, including traditional common law tort claims. *National Sand*, 451 N.W.2d at 621–22; *DiPonio*, 631 N.W.2d at 65.

And although *DiPonio* ruled that the particular cause of action that was at issue in that case (violation of the Michigan Builders' Trust Fund Act, MCL § 570.151) was subject to the six-year limitation period in MCL § 600.5813, that is because that claim did not originate in the common law and did not provide a remedy for a personal injury. *See DiPonio*, 631 N.W.2d at 61–63 (the Builders' Trust Fund Act required contractors to hold payments that they received on construction projects in a trust fund and to use those funds to pay subcontractors and suppliers first, before using the funds for any other purpose). Thus, a claim under the Act did not seek recovery for any personal injury that had a traditional common-law analogue; it sought redress for harm that was solely a creature of statute.

Unlike in *DiPonio*, the plaintiffs' VRPA claim in this case is predicated upon a statute that codifies a common law tort and alleges an injury to a person. A claim under the VRPA alleges harm that traditionally sounds in tort; it does not seek redress for a legal injury that is created purely by statute without a common-law personal-injury analogue.

Michigan courts routinely apply the three-year limitations in § 600.5805(2) to statutory claims that allege injury to persons (or to specific property), particularly where the claim resembles a traditional common law tort claim. *See Green*, 2019 WL 3812108, at *4 (applying the three-year limitations period to an

employer retaliation claim in violation of the Elliot-Larsen Civil Rights Act); *Garg v. Macomb Cty. Cmty. Mental Health Servs.*, 696 N.W.2d 646, 659 (Mich. 2005) ("[A] person must file a claim under the Civil Rights Act within three years of the date his or her cause of action accrues, as required by § 5805(10)."); *Magee v. Daimler Chrysler Corp.*, 693 N.W.2d 166, 168 (Mich. 2005) (same); *Marks v. Hulstrom*, No. 294453, 2010 WL 2134303, at *1 (Mich. Ct. App. May 27, 2010) (applying § 600.5805(2) to statutory nuisance claim under MCL § 600.2940(1)); *McCree v. Cont'l Mgmt.*, LLC, No. 351171, 2021 WL 1050115, at *7 (Mich. Ct. App. Mar. 18, 2021) (holding that the three-year limitations period applies to the Housing Act of Michigan and Truth in Renting Act because both statutes impose a nonconsensual duty).

Counsel for Plus Communications is unaware of any authority holding that MCL § 600.5813's 6-year statute of limitations applies to a claim under the VRPA. In fact, it appears that counsel for the plaintiffs admitted in previous cases brought under the VRPA that the three-year limitations period of MCL § 600.5805(2) applies.[5]

---

[5] For example, in responding to a motion to dismiss in an earlier case, plaintiffs' counsel stated that, "[c]laims under the [VRPA] are subject to a 'three year statute of limitations.'" *Rentola v. Dow Jones & Co., Inc.*, No. 4:20-cv-11589-SDD-EAS, Plaintiffs' Response to Defendant's Motion to Dismiss, ECF No. 12 at 2 (citing *Boelter* and MCL § 600.5805(2)). Likewise, in *Markham et al. v. National Geographic Partners, LLC*, the defendants argued that § 600.5805(2) barred Plaintiffs' VRPA claims, and plaintiffs' counsel argued that § 600.5805(2)'s 3-year limitations period was tolled, without asserting that a six-year statute of limitations applied. *See Markham et al. v. National Geographic Partners, LLC*, No. 1:19-cv-00232, U.S. District Court for the Western District of Michigan, Plaintiff's Response to National Geographic Partner's LLC's Pre-Motion Conference Request, RE 26 (Dec. 17, 2019).

Michigan did not double the limitations period for invasion-of-privacy claims merely by enacting the VRPA. A claim under the VRPA is a claim for injury to a person, regardless of the fact that it proceeds under a statute. The plaintiffs' claims are barred by § 600.5805(2) and should be dismissed.

## II. If the plaintiffs are asserting a purely statutory claim rather than a claim for personal injury, then the plaintiffs lack Article III standing.

To the extent that the plaintiffs argue that they have not alleged a "personal injury" such that § 600.5085(2) does not apply, then the case should be dismissed for lack of Article III standing.

To establish Article III standing, a plaintiff must show, at a minimum, "that he suffered an injury in fact that is concrete, particularized, and actual or imminent." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). The injury in fact may not be "conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016).

In *TransUnion*, the Supreme Court rejected the proposition that "a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." 141 S. Ct. at 2205. In order to determine if the plaintiff has suffered an injury in fact necessary to confer standing, the court must "assess whether the alleged injury to the plaintiff has a 'close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American courts." *Id.* at 2204 (citing *Spokeo,* 578 U.S. at 341). "That inquiry asks whether plaintiffs have

identified a close historical or common-law analogue for their asserted injury." *Id.* (emphasis added).

In *TransUnion*, the plaintiffs alleged class-action claims under the Fair Credit Reporting Act ("FCRA"). Like the 1989 version of the VRPA, the FCRA allows for recovery of either actual damages "or for statutory damages." *Id.* at 2201 (citing 15 U.S.C. § 1681n(a)). Under the FCRA, credit reporting agencies must "'follow reasonable procedures to assure maximum possible accuracy' of the plaintiffs' credit files." *Id.* at 2208 (quoting 15 U.S.C. § 1681e(b)). All of the plaintiffs alleged that TransUnion had failed to follow reasonable procedures as required by the FRCA and as result of that failure incorrectly labeled the plaintiffs as potential terrorists. *Id.*

The Court divided the class into two subgroups: those whose false credit information was disclosed to third parties, and those whose false credit information was not disclosed to third parties. The Court ruled that the plaintiffs who had false credit information disclosed to third parties had suffered "concrete injury in fact," because their claim was sufficiently analogous to a traditional claim for defamation. *Id.* at 2208-09.

By contrast, the Court ruled that the plaintiffs whose false information was not disclosed to third parties had not suffered any "concrete injury" and therefore lacked Article III standing to sue TransUnion for violating the FCRA even though their TransUnion credit files contained false information as a result of TransUnion's FCRA violation. *Id.* at 2212. The Court rejected these plaintiffs' argument that the defendant's statutory violation—its failure to follow reasonable procedures, resulting

in the creation of false information—and the right to statutory damages alone sufficed to establish standing. *Id.* at 2205. Instead, because the false information had not been disseminated to third-parties, the element of publication necessary for the common law tort of defamation had not been satisfied. *Id.* at 2209-10. As a result, that group of plaintiffs failed to allege any personal injury that was closely analogous to a common law tort injury. Those plaintiffs therefore lacked Article III standing to sue TransUnion for violating the FCRA—despite the FCRA's allowance for statutory damages for such a violation. *Id.*

In this case, like in *TransUnion*, the plaintiffs have Article III standing to assert their claim for statutory damages only to the extent that they allege a personal injury that is closely analogous to a common law tort injury. If the plaintiffs assert that they are pursuing a purely statutory claim that does not amount to an injury to a person, then, under *TransUnion*, they lack standing to bring it. On the other hand, if the plaintiffs attempt to demonstrate standing by arguing that their VRPA claim is a claim for personal injury, then their claim is time-barred under MCL § 600.5805(2). Either way, the complaint should be dismissed.

## Conclusion

The complaint should be dismissed.

MILLER JOHNSON
Attorneys for Defendant

Dated: December 6, 2021          By /s/ Stephen J. van Stempvoort
                                                  Stephen J. van Stempvoort (P79828)
                                                  45 Ottawa Avenue SW, Suite 1100
                                                  Grand Rapids, MI  49503
                                                  (616) 831-1700
                                                  vanstempvoorts@millerjohnson.com

<u>**Certificate of Compliance**</u>

1.      This brief complies with the type-volume limitation of W.D. Mich. LCivR 7.2(b)(i) because this brief contains 4,071 words, excluding the parts of the brief exempted by W.D. Mich. LCivR 7.2(b)(i).

2.      This brief has been prepared in a proportionally spaced typeface using Microsoft Office Word 2010 for Windows in 12-point Century Schoolbook font.

Dated: December 6, 2021        /s/ Stephen J. van Stempvoort
                                Stephen J. van Stempvoort (P79828)
                                Miller Johnson
                                45 Ottawa Avenue SW, Suite 1100
                                Grand Rapids, MI 49503
                                (616) 831-1700
                                vanstempvoorts@millerjohnson.com

MJ_DMS 33807448v1